UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES RAYMOND GUEST,** | Civil Action No. 23-21358 (SDW-AME) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| **JEFFREY POMERANTZ, M.D., et al.,** | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about October 20, 2023, Plaintiff Charles Raymond Guest, a convicted and sentenced state prisoner presently confined in Mid-State Correctional Facility in Wrightstown, New Jersey, filed a pro se civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1).

2. Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (ECF No. 1-1). Plaintiff's IFP application is properly completed and establishes his financial eligibility to proceed without prepayment of the $350 filing fee. Therefore, Plaintiff's IFP application will be granted.

3. Because Plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v.*

1

*Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. The defendants to the complaint are Dr. Jeffrey Pomerantz; John or Jane Doe, Director of Medical, University of Medicine and Dentistry of New Jersey ("UMDNJ"); and John or Jane Doe, schedulers for UMDNJ, each sued in their official and individual capacities under 42 U.S.C. § 1983. (ECF No. 1 at 2-3.) Plaintiff alleges UMDNJ is under contract from the State of New Jersey. Therefore, its employees are state actors. (ECF No. 1 at 4.)

7. Plaintiff alleges that on February 11, 2022, he injured his arm while playing handball at South Woods State Prison, and he immediately requested medical attention. (*Id.* at 6.) Plaintiff was in quarantine at the time, and a nurse informed him that he could not be seen by the medical department until he was released from quarantine. (*Id.*) This Court assumes Plaintiff was transferred to Bayside State Prison after his quarantine because Plaintiff alleges he was seen by Dr. Pomerantz at Bayside State Prison on March 22, 2022. (*Id.*) Dr. Pomerantz told Plaintiff there was nothing he could do; Plaintiff required a medical consultation with an orthopedic specialist. (*Id.*) Plaintiff was in constant communication with the medical department at Bayside State Prison, inquiring about the status of his appointment with an orthopedic specialist. (*Id.*)

8. Plaintiff had a phone appointment with Dr. Ahmar Shakir on June 21, 2022. Dr. Shakir advised Plaintiff that because his injury had occurred four months earlier, surgery would be complicated, with unpredictable results. (*Id.*) Plaintiff had an MRI on August 17, 2022, confirming his injury. (*Id.* at 7). Dr. Shakir ordered that Plaintiff be scheduled for surgery without delay. (*Id.*) Plaintiff had a video conference with Dr. Shakir on October 6, 2022, and Dr. Shakir informed Plaintiff that he had a full-thickness distal biceps tendon tear. (*Id.*) On December 1, 2022, Plaintiff had a follow-up video conference with Dr. Shakir, who informed Plaintiff he had

3

been unable to schedule surgery because the prison had not sent a signed consent form, although he had talked to a nurse at Bayside State Prison and stressed the need for the consent form. (*Id.*) The next day, Plaintiff was called to sign the consent form, and his surgery was performed on December 7, 2022. (*Id.*) In his claim for relief, Plaintiff states, "[t]he fact that I am not being provided with the recommended post-surgical aftercare and rehabilitation furthers my claim for damages." (*Id.* at 5.)

9. Plaintiff alleges the unreasonable delay in providing him with surgery resulted in his irreparable injury, which continues to cause chronic pain and has permanently reduced his lifting ability. (*Id.*) Plaintiff alleges Defendants denied him adequate medical care, in violation of the Eighth Amendment. (*Id.* at 3).

10. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). To establish a violation of the Eighth Amendment duty to provide a prisoner adequate medical care, "a plaintiff must demonstrate deliberate indifference to a serious medical need." *McCloskey v. Welch*, 803 F. App'x 578, 580 (3d Cir. 2020) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A plaintiff may make a showing of deliberate indifference to a serious medical need "by establishing that the defendants 'intentionally den[ied] or delay[ed] medical care." *Id.* (quoting *Estelle*, 429 U.S. at 104–05) (alterations in *McCloskey*). Where the claim is that a defendant was deliberately indifferent by delaying medical care, "[a]ll that is needed" to establish a delay of care claim is evidence that the delay "was motivated by non-medical factors." *Id.* at 581 (quoting *Pearson v. Prison Health Serv.*, 850 F.3d 526, 537 (3d Cir. 2017)).

4

11. Plaintiff has not alleged that any of the defendants delayed his surgery *for non-medical reasons* in deliberate indifference to his serious medical need. If defendants were merely negligent in scheduling his medical care, such claims are insufficient to allege an Eighth Amendment violation, but such claims might be brought under state tort law in state court. *Ryle v. Fuh*, 820 F. App'x 121, 123 (3d Cir. 2020) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("medical negligence without accompanying deliberate indifference does not rise to the level of a constitutional violation.")) Moreover, "a defendant's § 1983 liability must be predicated on his direct and personal involvement in the alleged violation[.]" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). Plaintiff must identify only those defendants who were personally involved in delaying his medical care for nonmedical reasons. For Plaintiff's claim that he was denied prescribed surgical aftercare, he must also identify the defendants who denied the prescribed care. Plaintiff may sue fictitious defendants until he discovers the identity of those individuals, but he must first allege sufficient facts to state a claim for relief.

12. To bring a claim against the supervisor of an employee who delayed his medical care for a non-medical reason or otherwise denied prescribed medical care, Plaintiff must allege facts showing the supervisor, "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," or (2) that she "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [his] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n. 5(3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alterations added). Plaintiff has not done so here. Therefore, this Court will dismiss Plaintiff's Eighth Amendment claims without prejudice.

13. In conclusion, this Court will grant Plaintiff's IFP application and dismiss his complaint without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated: November 2, 2023

Hon. Susan D. Wigenton,
United States District Judge