UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES RAYMOND GUEST, | Civil Action No. 23-21358 (SDW-AME) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| JEFFREY POMERANTZ, M.D., et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about October 20, 2023, Plaintiff Charles Raymond Guest, a convicted and sentenced state prisoner presently confined in Mid-State Correctional Facility in Wrightstown, New Jersey, filed a pro se civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1).

2. On November 2, 2023, this Court granted Plaintiff's IFP application under 28 U.S.C. § 1915(a). Pursuant to § 1915(e)(2)(B), this Court dismissed the complaint without prejudice for failure to state a claim. (ECF Nos. 3, 4). Plaintiff was granted leave to file an amended complaint.

3. On December 7, 2023, Plaintiff filed an amended complaint, alleging Defendants violated the Eighth Amendment by their delay in scheduling him for surgery and for not providing follow-up surgical care as prescribed. (ECF No. 5 at 63-75).

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (citing *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 470-71 (1976)).

1

4. Plaintiff provided an affidavit attached to his amended complaint, and he submitted his medical records. However, the amended complaint does not allege facts suggesting the delay in scheduling Plaintiff for surgery for his bicep tear, ten months after the date of his injury, was caused by Defendants' deliberate indifference to his serious medical needs. The first delay, days after Plaintiff injured his arm playing handball on February 11, 2022, was allegedly caused by a two-week quarantine, presumably a COVID-19 restriction, when Plaintiff was transferred to a new prison. (ECF No. 5 at 73). Between mid-March 2022 and October 6, 2022, Plaintiff received medical evaluation, resulting in a recommendation for surgery. (ECF No. 5 at 74). On December 1, 2022, Plaintiff allegedly learned surgery had not been scheduled due to "the prison system's lack of processing necessary paperwork." (*Id.*) This was remedied the next day, and Plaintiff's surgery was scheduled and performed on December 7, 2022. (*Id.*) Finally, Plaintiff alleges "[a]fter the first few sessions of physical therapy I began experiencing negligence and lack of attention leading me to not being scheduled for regular physical therapy as prescribed by the doctor." (*Id.*) The amended complaint fails to state a claim that the delay in Plaintiff's surgery and irregular scheduling of his post-surgical physical therapy was caused by the deliberate indifference to his serious medical need by the defendants. The facts alleged in the amended complaint do not rise beyond the level of negligence.

5. In conclusion, further opportunity to amend the complaint would be futile. The amended complaint will be dismissed with prejudice for failure to state an Eighth Amendment claim under 42 U.S.C. § 1983.

An appropriate order follows.

Dated: July 22, 2024

_____
Hon. Susan D. Wigenton,
United States District Judge